UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE FRANKLIN WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06CV636 TIA |
| ) | |
| NATIONAL LINEN AND UNIFORM ) | |
| SERVICE, k/n/a NATIONAL SERVICE ) | |
| INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Rule 26(a)(2) Expert Disclosures and Plaintiff's Motion for Leave to File Designation of Expert Witnesses. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

April 14, 2006, Plaintiff filed a *pro se* Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging discrimination on the basis of race. The Court appointed counsel for Plaintiff, and Plaintiff subsequently filed First and Second Amended Complaints, adding counts of retaliation and age discrimination. On February 15, 2007, Defendant filed its Motion to Strike, asserting that Plaintiff's untimely filing of his Rule 26(a)(2) expert disclosures should be stricken. Defendant argues that, not only are the disclosures untimely, but Plaintiff failed to identify the treating physicians and failed to submit a written report prepared and signed by any expert witness. Plaintiff responded with a Motion for Leave to File Designation of Expert Witnesses. He also asserted that the treating physician should be designated as an expert but that no written report was necessary. On April 4, 2007, the undersigned held a hearing on the pending motions. During that hearing, counsel for Plaintiff indicated that she would notify the Court whether she planned to

utilize Plaintiff's treating physician as an expert witness to testify regarding causation.

The undersigned finds that Defendant's Motion to Strike should be granted, and Plaintiff's Motion for Leave to File Designation of Experts should be denied. Under Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." The undersigned agrees with Plaintiff that a treating physician's disclosure does not require a written report under Rule 26(a)(2)(B). In Sprague v. Liberty Mutual Ins. Co., 177 F.R.D. 78 (D.N.H. 1998), the court held that "[w]hile all experts must be disclosed under Rule 26(a)(2)(A), only 'retained' experts must provide Rule 26(a)(2)(B) reports." Id. at 81. There is no question that Plaintiff's treating physicians are not retained experts.

However, the undersigned also finds that Plaintiff's purported designation of expert witnesses fails to comply with Rule 26(a)(2)(A). While Plaintiff refers to "medical professionals who have seen him at various times at Grace Hill Medical Center and who have treated him for conditions he believes are related to the conduct at the heart of his lawsuit," he has failed to disclose "the identity" of any of these medical professionals. Further, "Missouri law requires an expert establish causation of medically diagnosable distress." Bi-Rite Petroleum, Ltd. v. Coastal Refining & Marketing, Inc., 282 F.3d 606, 609 (8th Cir. 2002) (citation omitted). However, in response to Defendant's Request for Production, Plaintiff answered that "he did not seek any treatment for the above-stated distress." (Pl. Exh. A) Thus, there would be no treating physicians who would fall under Rule 26. While Plaintiff's counsel stated during the hearing that Plaintiff was initially unaware that the treated symptoms were related to the alleged discrimination, counsel has failed to present support, despite an assurance to do so.

In short, Plaintiff has failed to properly identify any purported experts in compliance with Rule 26. Further, he has failed to demonstrate that any of these physicians would be able to speak to causation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiff's Rule 26(a)(2) Expert Disclosures [Doc. #25] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Designation of Expert Witnesses [Doc. #28] is **DENIED**.

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this  23rd   day of May, 2007.